MARK R. CONRAD (CA Bar No. 255667)
  mconrad@conmetkane.com
CARA SANDBERG (CA Bar No. 291058)
  csandberg@conmetkane.com
**CONRAD METLITZKY KANE LLP**
Four Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: (415) 343-7100

JAMES D. WEINBERGER (admitted *pro hac vice*)
  jweinberger@fzlz.com
NICOLE LIEBERMAN (admitted *pro hac vice*)
  nlieberman@fzlz.com
**FROSS ZELNICK LEHRMAN & ZISSU, P.C.**
151 West 42nd Street, 17th Floor
New York, New York 10036
Telephone: (212) 813-5900

*Attorneys for Defendant The Gap, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| PATAGONIA, INC, <br><br> Plaintiff, <br><br> v. <br><br> THE GAP, INC., <br><br> Defendant. | Case No.: 3:22-cv-07437-TLT <br><br> **DEFENDANT THE GAP, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS IN PART THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)** <br><br> Date:  February 14, 2023 <br> Time: 2:00pm <br> Judge: Hon. Trina L. Thompson <br> Place: 19th Floor, Courtroom 9 |

{F4952190.1 }

CASE NO. 3:22-CV-07437-TLT

### NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE THAT on February 14, 2023, at 2:00pm, during a hearing before the above-captioned Court, in Courtroom 9, 19th floor, 450 Golden Gate Avenue, San Francisco, California, 94111, Defendant The Gap, Inc. ("Defendant" or "Gap") will and hereby does move for an order dismissing Plaintiff Patagonia, Inc.'s complaint in part pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Specifically, Defendant moves for an order dismissing all claims in the Complaint for failure to state a claim for relief to the extent Plaintiff relies on its alleged rights in the PATAGONIA name for one simple reason: the Complaint contains no allegation that Defendant has used PATAGONIA or any similar designation in manner whatsoever and the mark that the allegedly infringing products is sold under, GAP, is dissimilar as a matter of law.

This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities, the pleadings, and any other evidence that may be offered at a hearing if necessary.

Respectfully submitted,

DATED: January 5, 2023

CONRAD | METLITZKY | KANE LLP

*/s/ Mark R. Conrad*
MARK R. CONRAD
CARA SANDBERG

DATED: January 5, 2023

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

*/s/ James D. Weinberger*
JAMES D. WEINBERGER
NICOLE LIEBERMAN

*Attorneys for Defendant The Gap, Inc.*

{F4952190.1 }

2

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................4

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................6

PRELIMINARY STATEMENT ....................................................................................................6

STATEMENT OF FACTS..............................................................................................................6

ARGUMENT ..................................................................................................................................7

      I.      Legal Standard..............................................................................................................7

      II.     Plaintiff Cannot State a Claim for Infringement of PATAGONIA ...............................8

      III.    Plaintiff Has Failed to State a Claim for Unfair Competition......................................9

      IV.    Plaintiff Cannot State a Claim for Dilution of its PATAGONIA Marks ......................10

      V.     Plaintiff's Congruous State Law Claims Must be Partially Dismissed........................10

CONCLUSION ..............................................................................................................................11

# TABLE OF AUTHORITIES

**CASES**

*AMF Inc. v. Sleekcraft Boats,*
  599 F.2d 341 (9th Cir. 1979)........................................................................9

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) .....................................................................................8

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) ..................................................................................7, 8

*Brookfield Communications, Inc. v. West Coast Entertainment Corp.,*
  174 F.3d 1036 (9th Cir. 1999)...............................................................6, 8, 9

*Cleary v. News Corp.,*
  30 F.3d 1255 (9th Cir. 1994).......................................................................10

*Dfinity Foundation v. Meta Platforms, Inc.,*
  22-CV-02632-CRB, 2022 WL 16857036 (N.D. Cal. Nov. 10, 2022) .................10

*HMH Publishing Co. v. Lambert,*
  482 F.2d 595 (9th Cir. 1973).........................................................................8

*Jada Toys, Inc. v. Mattel, Inc.,*
  518 F.3d 628 (9th Cir. 2008)........................................................................10

*Lazy Y Ranch LTD v. Behrens,*
  546 F.3d 580 (9th Cir. 2008)..........................................................................7

*Marvel Enterprises, Inc. v. NCSoft Corp.,*
  74 U.S.P.Q.2d 1303 (C.D. Cal. 2005).........................................................8, 9

*Mattel, Inc. v. Walking Mountain Productions,*
  353 F.3d 792 (9th Cir. 2003)..........................................................................9

*Mintz v. Subaru of America, Inc.,*
  16-CV-03384-MMC, 2016 WL 5909360 (N.D. Cal. Oct. 11, 2016),
  *aff'd* 716 F. App'x 618 (9th Cir. 2017) ........................................................8, 9

*Papasan v. Allain,*
  478 U.S. 265 (1986) ......................................................................................7

*Profade Apparel, LLC v. Road Runner Sports, Inc.,*
  18-CV-1254 (JAH)(MDD), 2020 WL 5230490 (S.D. Cal. Sept. 2, 2020) .......8, 9

**STATUTES**

15 U.S.C. § 1114 .............................................................................................7

15 U.S.C. § 1125 ....................................................................................7, 9, 10

Cal. Bus. & Prof. Code § 14200...................................................................7, 10

{F4952190.1 }

4

Cal. Bus. & Prof. Code § 14247 ....................................................................................................7, 10

Cal. Bus. & Prof. Code § 17200 *et seq.* .......................................................................................7, 10

**RULE**

Fed. R. Civ. P. 8 ......................................................................................................................................7

Fed. R. Civ. P. 12 ....................................................................................................................................7

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Proper federal notice pleading requires more than simply reciting a cause of action in a complaint. Rather, a plaintiff must state allegations that are plausible on their face and which go beyond mere conclusory recitations of the elements of a claim. By this Motion, Gap seeks partial dismissal of the Complaint to the extent it is based on implausible allegations that it has violated any right of Plaintiff in the trademark PATAGONIA.

In this case, Plaintiff claims that a Gap fleece product infringes (i) alleged trade dress rights in the design of a fleece pullover, the Snap-T fleece, (ii) its "P-6" mountain logo, and (iii) the PATAGONIA trademark, defined collectively (and misleadingly) in the Complaint as the "PATAGONIA trademarks." While the Complaint contains allegations of similarity with respect to the first two elements – allegations which Gap disputes – it does not allege that Gap has used any mark similar to PATAGONIA, nor could it since Gap markets its product under its well-known GAP trademark. As the Ninth Circuit has held, "'Pepsi' does not infringe Coca–Cola's 'Coke.' Nothing further need be said." *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1054 (9th Cir. 1999). As the Complaint fails to meet basic pleading requirements for trademark infringement, trademark dilution, or unfair competition in this Circuit as to the PATAGONIA mark, it must be partially dismissed.

## STATEMENT OF FACTS[1]

Gap offers for sale a line of fleece jackets for adults and children ("Gap Fleeces"). (Complaint ¶¶ 16, 17, 20.) Gap advertises and sells the Gap Fleeces through its retail stores and online through its website. (*Id.* ¶ 3.)

Plaintiff alleges that since 1985, it has been advertising and selling a fleece called the "Snap-T fleece." (Complaint at 1.) Plaintiff alleges that it owns numerous registered trademarks for PATAGONIA, both in standard characters and as an element of its mountain logo, referred to throughout the Complaint as the "P-6 logo." (*Id.* ¶ 10, *passim.*) Plaintiff further alleges that the

---

[1] Gap accepts as true the factual allegations of the Complaint for purposes of this motion only.

CASE NO. 3:22-CV-07437-TLT                                      DEFENDANT'S MOTION TO PARTIALLY
                                                                DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

design of its Snap-T fleece consists of a "trade dress that consists of a snap placket and matching pocket flap, rendered in contrasting color from the fleece and in different fabrication. Piping is used on the collar, cuffs, and waist and is often rendered in a contrasting color. The rectangular P-6 logo is placed above the pocket flap" (*Id.* ¶ 13.) The Complaint defines Plaintiff's claimed rights in the Snap-T Fleece, the P-6 logo, and the PATAGONIA name collectively as the "PATAGONIA trademarks" and uses that term throughout the Complaint (*Id.* ¶ 14, *passim.*)

Plaintiff asserts six causes of action in the Complaint, all based on the same theory: that the Gap Fleeces violate Plaintiff's rights in the PATAGONIA Trademarks: (1) trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 (Complaint ¶ 25); (2) false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (*id.* ¶ 29); (3) federal trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) (*id.* ¶¶ 33, 34); and (4-6) congruent claims under California state and common law (*id.* ¶¶ 37-62).

<u>**ARGUMENT**</u>

As set forth herein, to the extent the Complaint is based on the mark PATAGONIA (as opposed to Patagonia's claimed rights in the Snap-T fleece or the P-6 logo), Plaintiff has failed to state a claim for relief because the Complaint does not allege that Gap used any mark similar to PATAGONIA and, as a result, there can be no possibility of confusion amongst consumers with respect to that mark.

**I.     <u>Legal Standard</u>**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Under *Twombly*, a plaintiff must not merely allege conceivable conduct but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

**II.      Plaintiff Cannot State a Claim for Infringement of PATAGONIA**

To prevail on a claim for trademark infringement, a plaintiff must show (1) ownership of a valid mark, (2) use by the defendant of the same or similar mark, and (3) a likelihood of confusion. *See HMH Publ'g Co. v. Lambert*, 482 F.2d 595, 598 (9th Cir. 1973). While a determination of likelihood of confusion depends on several factual issues, when the marks at issue are so starkly dissimilar on the face of a pleading, there can be no likelihood of confusion and courts will not hesitate to dismiss a complaint at the pleadings stage. *See Mintz v. Subaru of Am., Inc.*, 16-CV-03384-MMC, 2016 WL 5909360, *2 (N.D. Cal. Oct. 11, 2016), *aff'd* 716 F. App'x 618, 621 (9th Cir. 2017) (granting motion to dismiss where defendant's SHARE THE LOVE mark and design were so "obviously dissimilar from" the plaintiff's A WORLD OF LOVE, FOR YOU AND THOSE YOU LOVE mark and design that "they cannot plausibly create a likelihood of confusion."). *See also Brookfield Commc'ns*, 174 F.3d at 1054 ("Where the two marks are entirely dissimilar, there is no likelihood of confusion" and "[n]othing further need be said."); *Profade Apparel, LLC v. Road Runner Sports, Inc.*, 18-CV-1254 (JAH)(MDD), 2020 WL 5230490, at *5 (S.D. Cal. Sept. 2, 2020) ("At the pleading stage, a plaintiff fails to sufficiently allege the likelihood of confusion when the marks are patently dissimilar . . . ."); *Marvel Enters., Inc. v. NCSoft Corp.*, 74 U.S.P.Q.2d 1303, 1308 (C.D. Cal. 2005) (dismissing trademark infringement claim at the pleadings stage because it is "self-evident" that plaintiff's CAPTAIN AMERICA mark and defendant's STATESMEN mark "are entirely dissimilar" and "there is no likelihood of confusion."). Here, Plaintiff alleges that it owns a number of federal registrations for the mark PATAGONIA. (Complaint ¶ 10.) But, it does not allege that Gap uses the PATAGONIA or any similar mark. Rather, Gap's products are sold under the GAP trademark. (*Id*. ¶ 17.)

Trademark similarity is measured "on three levels: sight, sound, and meaning" and courts must consider the marks as "they are encountered in the marketplace." *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 351 (9th Cir. 1979), *abrogated on other grounds by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003). In terms of sight and sound, the differences between PATAGONIA and GAP are plain. The marks have entirely different visual appearances and phonetics, and do not sound similar at all when spoken aloud. With respect to meaning, the parties' marks have nothing to do with each other. PATAGONIA is meant to "call to mind romantic visions of glaciers tumbling into fjords, jagged windswept peaks, gauchos, and condors." (Complaint ¶ 7.) GAP is not alleged to have any of these connotations. Nor does the Complaint contain allegations as to confusion between GAP and PATAGONIA based on how the marks are encountered in the marketplace. The aggregate result of these differences – aside from the fact that one is PATAGONIA and the other is GAP – is that the marks present completely different commercial impressions.

Because the Complaint does not allege that Gap uses PATAGONIA or any mark similar thereto, and because GAP is so dissimilar from PATAGONIA, there can be no likelihood of confusion with respect to the PATAGONIA mark as a matter of law. *See, e.g.*, *Mintz*, 2016 WL 5909360 at *2, *aff'd* 716 F. App'x at 621; *Profade Apparel*, 2020 WL 5230490, at *5; *Marvel Enters.*, 74 U.S.P.Q.2d at 1308. Accordingly, the Court should partially dismiss the first cause of action.

## III.   Plaintiff Has Failed to State a Claim for Unfair Competition

Plaintiff's second cause of action asserts claims for false designation of origin and false description under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). (Complaint ¶ 29.) This cause of action, which essentially amounts to claims for infringement of unregistered trademarks and trade dress, fails to state a claim for relief to the extent it relies on PATAGONIA. As the Ninth Circuit has held, Section 32(1) infringement and 43(a) false designation of origin claims are identical, except that the latter protects both registered and unregistered trademarks. *Brookfield*, 174 F.3d at 1047 n.8. As set forth above, because PATAGONIA is patently dissimilar to GAP, and because the Complaint does not identify any other mark used by Gap arguably similar to

PATAGONIA, there can be no likelihood of confusion as a matter of law and therefore no claim for false designation of origin under Section 43(a) with respect thereto.

**IV.    Plaintiff Cannot State a Claim for Dilution of its PATAGONIA Marks**

Plaintiff's third cause of action asserts claims for trademark dilution in violation of the Trademark Dilution Revision Act of 2006 (the "TDRA"), 15 U.S.C. § 1125(c). (Complaint, ¶ 34.) This cause of action also fails to state a claim for relief to the extent it is based on Plaintiff's alleged PATAGONIA mark. To state a claim of dilution under the TDRA a plaintiff must show that (1) the mark is famous and distinctive; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring or tarnishment. *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008). Again, because the Complaint contains no allegations that Gap is using PATAGONIA or any similar mark and because PATAGONIA is so dissimilar to GAP, there can be no dilution as a matter of law with respect thereto.

**V.    Plaintiff's Congruous State Law Claims Must be Partially Dismissed**

Plaintiff's fourth, fifth, and sixth causes of action assert claims for trademark infringement and unfair competition under Sections 14200 and 17200 of the California Business and Professions Code ("Cal. Bus. & Prof. Code"), trademark dilution under Section 14247 of the Cal. Bus. & Prof. Code, and common law trademark infringement, respectively. Because these causes of action have the same elements and require the same analysis as Plaintiff's federal claims under Sections 32, 43(a), and 43(c) of the Lanham Act, absent some factual allegations beyond those asserted in support of Plaintiff's federal claims, they should be dismissed to the extent they are based on violation of Plaintiff's alleged rights in the PATAGONIA mark, as opposed to any trade dress right in the Snap-T fleece or the P-6 logo. *See Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994) ("[S]tate common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act."); *Dfinity Foundation v. Meta Platforms, Inc.*, 22-CV-2632-CRB, 2022 WL 16857036, *12 (N.D. Cal. Nov. 10, 2022). Since no such further factual allegations exist, these claims must fall away with their federal counterparts.

## CONCLUSION

The Federal Rules of Civil Procedure do not require plaintiffs to prove their cases in complaints. They do, however, require plaintiffs to clearly identify plausible causes of action that allow defendants to understand the claims against them. To the extent the Complaint is based on Plaintiff's alleged rights in PATAGONIA, it has failed to do so here. Accordingly, Gap respectfully requests that this Court dismiss the Complaint to the extent each of the claims rely on PATAGONIA.

Respectfully submitted,

DATED: January 5, 2023            CONRAD | METLITZKY | KANE LLP


_/s/ Mark R. Conrad_
MARK R. CONRAD
CARA SANDBERG

DATED: January 5, 2023            FROSS ZELNICK LEHRMAN & ZISSU, P.C.


_/s/ James D. Weinberger_
JAMES D. WEINBERGER
NICOLE LIEBERMAN

_Attorneys for Defendant The Gap, Inc._