MARK R. CONRAD (CA Bar No. 255667)
  mconrad@conmetkane.com
CARA SANDBERG (CA Bar No. 291058)
  csandberg@conmetkane.com
**CONRAD METLITZKY KANE LLP**
Four Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: (415) 343-7100

JAMES D. WEINBERGER (admitted *pro hac vice*)
  jweinberger@fzlz.com
NICOLE LIEBERMAN (admitted *pro hac vice*)
  nlieberman@fzlz.com
**FROSS ZELNICK LEHRMAN & ZISSU, P.C.**
151 West 42nd Street, 17th Floor
New York, New York 10036
Telephone: (212) 813-5900

*Attorneys for Defendant The Gap, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| PATAGONIA, INC, <br><br>   Plaintiff, <br><br> v. <br><br> THE GAP, INC., <br><br>   Defendant. <br><br> THE GAP, INC., <br><br>   Counter-Plaintiff, <br><br> v. <br><br> PATAGONIA, INC, <br><br>   Counter-Defendant. | Case No.: 3:22-cv-07437-TLT <br><br> **ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERCLAIM** <br><br> **DEMAND FOR JURY TRIAL** <br> Complaint Filed: November 22, 2022 |

The Gap, Inc. ("Defendant" or "Gap") for its answer to the Second Amended Complaint filed by Plaintiff Patagonia, Inc. ("Plaintiff") or "Patagonia"), by its undersigned counsel, states as follows:

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the unnumbered paragraphs on pages 1-4 of the Second Amended Complaint except denies that Plaintiff holds any legal rights in its claimed designs and admits that it has sold the products shown on the bottom half of page 3.

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Second Amended Complaint, and therefore denies the same.

2. Defendant admits the allegations in Paragraph 2 of the Second Amended Complaint.

3. Defendant denies the allegations in Paragraph 3 of the Second Amended Complaint.

4. Defendant admits the allegations regarding subject matter jurisdiction in Paragraph 4 of the Second Amended Complaint but avers that Plaintiff's claims are not supported by law or fact.

5. Defendant admits the allegations regarding personal jurisdiction in Paragraph 5 of the Second Amended Complaint but avers that Plaintiff's claims are not supported by law or fact.

6. Defendant admits the allegations regarding venue in Paragraph 6 of the Second Amended Complaint but avers that Plaintiff's claims are not supported by law or fact.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Second Amended Complaint, and therefore denies the same.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Second Amended Complaint, and therefore denies the same.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Second Amended Complaint, and therefore denies the same.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Second Amended Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's trademark registrations in Paragraph 11 of the Second Amended Complaint, and therefore denies the same and otherwise denies the allegations of Paragraph 11 of the Second Amended Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Second Amended Complaint, and therefore denies the same.

13. Defendant denies the allegations that the design of Patagonia's Snap-T is protected as trade dress in Paragraph 13 of the Second Amended Complaint and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Second Amended Complaint, and therefore denies the same.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Second Amended Complaint, and therefore denies the same.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Patagonia's sales in Paragraph 15 of the Second Amended Complaint, and therefore denies the same and otherwise denies the allegations of Paragraph 15.

16. Defendant admits that it has promoted, offered for sale, and sold the fleece jackets at the internet links listed in Paragraph 17 of the Second Amended Complaint (the "Gap Jackets"), avers that it did not and does not require Plaintiff's authorization to offer for sale the same and otherwise denies the allegations of Paragraph 16 of the Second Amended Complaint.

17. Defendant admits is has marketed and sold the Gap Jackets, but otherwise denies the allegations of Paragraph 17 of the Second Amended Complaint.

18. Defendant denies the allegations of Paragraph 18 of the Second Amended Complaint.

19. Defendant denies the allegations of Paragraph 19 of the Second Amended Complaint and avers that it has offered versions of the Gap Jackets at different points in time over the past 40 years, as early as 1991.

20. Defendant admits that it has marketed and sold the Gap Jackets and that Plaintiff's counsel sent letters to Defendant on October 21, 2015 and November 18, 2015, claiming certain of Defendant's products infringed Plaintiff's alleged trade dress, that Plaintiff failed to respond to Defendant's counsel's December 11, 2015 response rejecting Plaintiff's claims and stating that Defendant would not cease sales or marketing thereof and otherwise denies the allegations of Paragraph 20 of the Second Amended Complaint.

21. Defendant denies the allegations of Paragraph 21 of the Second Amended Complaint.

22. Defendant denies the allegations of Paragraph 22 of the Second Amended Complaint.

23. Defendant repeats and re-alleges the above responses to Paragraphs 1 through 22 of the Second Amended Complaint, as if set forth fully herein.

24. Defendant denies the allegations of Paragraph 24 of the Second Amended Complaint.

25. Defendant denies the allegations of Paragraph 25 of the Second Amended Complaint.

26. Defendant denies the allegations of Paragraph 26 of the Second Amended Complaint.

27. Defendant denies the allegations of Paragraph 27 of the Second Amended Complaint.

28. Defendant repeats and re-alleges the above responses to Paragraphs 1 through 27 of the Second Amended Complaint, as if set forth fully herein.

29. Defendant denies the allegations of Paragraph 29 of the Second Amended Complaint.

30. Defendant denies the allegations of Paragraph 30 of the Second Amended Complaint.

31. Defendant denies the allegations of Paragraph 31 of the Second Amended Complaint.

32. Defendant repeats and re-alleges the above responses to Paragraphs 1 through 31 of the Second Amended Complaint, as if set forth fully herein.

33. Defendant denies the allegations of Paragraph 33 of the Second Amended Complaint.

34. Defendant denies the allegations of Paragraph 34 of the Second Amended Complaint.

35. Defendant denies the allegations of Paragraph 35 of the Second Amended Complaint.

36. Defendant denies the allegations of Paragraph 36 of the Second Amended Complaint.

37. Defendant repeats and re-alleges the above responses to Paragraphs 1 through 36 of the Second Amended Complaint, as if set forth fully herein.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Second Amended Complaint, and therefore denies the same.

39. Defendant avers that Defendant did not and does not require Plaintiff's consent to use any designs or logos in connection with the sale, offering for sale, distribution, or advertising of the Gap Jackets and otherwise denies the allegations of Paragraph 39 of the Second Amended Complaint.

40. Defendant denies the allegations of Paragraph 40 of the Second Amended Complaint.

41. Defendant denies the allegations of Paragraph 41 of the Second Amended Complaint.

42. Defendant denies the allegations of Paragraph 42 of the Second Amended Complaint.

43. Defendant denies the allegations of Paragraph 43 of the Second Amended Complaint.

44. Defendant denies the allegations of Paragraph 44 of the Second Amended Complaint.

45. Defendant denies the allegations of Paragraph 45 of the Second Amended Complaint.

46. Defendant denies the allegations of Paragraph 46 of the Second Amended Complaint.

47. Defendant repeats and re-alleges the above responses to Paragraphs 1 through 46 of the Second Amended Complaint, as if set forth fully herein.

48. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Second Amended Complaint, and therefore denies the same.

49. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Second Amended Complaint, and therefore denies the same.

50. Defendant denies the allegations of Paragraph 50 of the Second Amended Complaint.

51. Defendant denies the allegations of Paragraph 51 of the Second Amended Complaint.

52. Defendant denies the allegations of Paragraph 52 of the Second Amended Complaint.

53. Defendant repeats and re-alleges the above responses to Paragraphs 1 through 52 of the Second Amended Complaint, as if set forth fully herein.

54. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Second Amended Complaint, and therefore denies the same.

55. Defendant denies the allegations of Paragraph 55 of the Second Amended Complaint.

56. Defendant denies the allegations of Paragraph 56 of the Second Amended Complaint.

57. Defendant denies the allegations of Paragraph 57 of the Second Amended Complaint.

58. Defendant denies the allegations of Paragraph 58 of the Second Amended Complaint.

59. Defendant denies the allegations of Paragraph 59 of the Second Amended Complaint.

60. Defendant denies the allegations of Paragraph 60 of the Second Amended Complaint.

61. Defendant denies the allegations of Paragraph 61 of the Second Amended Complaint.

62. Defendant denies the allegations of Paragraph 62 of the Second Amended Complaint.

Plaintiff's prayer for relief does not require a response, but to the extent any answer is required, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

Defendant pleads the following defenses in response to Plaintiff's allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Defendant specifically reserves all rights to amend and/or supplement these defenses upon completion of further investigation and discovery.

**First Affirmative Defense: Laches**

63. Plaintiff unreasonably delayed bringing its claims, causing prejudice to Defendant. Accordingly, Plaintiff's claims are barred by laches.

64. Upon information and belief, Plaintiff learned Defendant, through its affiliate Old Navy, was offering for sale and selling products nearly identical to the Gap Jackets under the Old Navy brand (the "Old Navy Jackets") in October 2015. These products are shown below:

| **Example of 2015 Old Navy Jackets** | **Example of 2022 Gap Jackets** |
|---|---|
|  |  |

65. Plaintiff first contacted Defendant regarding the Old Navy Jackets through its counsel – the same firm that is representing Plaintiff in this action – by sending a cease-and-desist letter on October 21, 2015. In November 2015, the parties sent multiple communications to each other. In each response from Defendant, including a last letter of December 11, 2015, Defendant stated unequivocally that it did not agree with Plaintiff's claims and would not meet Plaintiff's demands. Defendant did not respond.

66. Plaintiff filed this action on November 22, 2022.

67. Such unreasonable delay and lack of diligence by Plaintiff has caused Defendant substantial prejudice.

68. Beyond color blocking, in which Plaintiff does not and can not claim rights, the only notable distinction between the Old Navy Jackets and the Gap Jackets is the logo above the pocket flap: the former bears the OLD NAVY mark, while the later bears the below shown GAP

ORIGINAL ARCTIC FLEECE design mark:



(the "Gap Arctic Fleece Mark")

69. As shown below, Gap has used a mark with a nearly identical design to the Gap Arctic Fleece Mark on fleece jackets in the early 1990s which utilizes the same color scheme and mountain imagery:



(the "World Classic Mark"). Below is an advertisement showing Gap's marketing of a fleece product in the 1990s using World Classic Mark, without objection from Plaintiff:

### Second Affirmative Defense: Acquiescence, Waiver, Estoppel

70. For the reasons set forth in Paragraphs 64-69, above Plaintiff's claims are barred by the doctrines of waiver, estoppel, and acquiescence.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for the following:

A. that Plaintiff take nothing by its Second Amended Complaint;

B. that judgment be entered in Defendant's favor on all causes;

C. for costs of suit, including reasonable attorneys' fees; and

D. such other and further relief as this Court may deem just and proper.

### COUNTERCLAIM

Counter-Plaintiff The Gap, Inc. ("The Gap"), in support of its counterclaim against Counter-Defendant Patagonia, Inc. ("Patagonia"), alleges as follows:

### NATURE OF THE ACTION

1. This is a counterclaim for a declaration that Plaintiff's Snap T Design does not constitute protectable trade dress under common law because the design is functional and lacks secondary meaning.

### THE PARTIES

2. Defendant and Counter-Plaintiff The Gap is a Delaware corporation with its principal place of business at 2 Folsom Street, San Francisco, California 94105.

3. Upon information and belief, Plaintiff and Counter-Defendant Patagonia is a California corporation headquartered at 259 West Santa Clara Street, Ventura, California 93001.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, and 2201 and 15 U.S.C. § 1051, et seq.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

# FIRST COUNTERCLAIM: DECLARATORY RELIEF

6. Defendant offers apparel, accessories and related goods under the GAP brand name.

7. Upon information and belief, Plaintiff also offers apparel, accessories, and related goods, under its PATAGONIA brand name.

8. Plaintiff claims to own common law trade dress rights in the overall design of its Snap-T product (as defined in Paragraph 13 of the Second Amended Complaint).

9. On November 22, 2022, Plaintiff commenced this action alleging, *inter alia*, that Defendant's offer and sale of the Gap Jackets (as defined in Paragraph 16, above) violated Plaintiff's claimed trade dress rights in the Snap T product.

10. Defendant is entitled to use similar designs for jackets as Plaintiff's Snap T product because the overall design of the jacket is not protectable trade dress and is in the public domain, as shown by the following examples sold by other companies:



**LL Bean**



**Lands' End**


**Eddie Bauer**


**Columbia**


**Cotopaxi**


**Vineyard Vines**


**Faherty**


**Bonobos**

{F5003766.2}
12
CASE NO. 3:22-CV-07437-TLT                                   ANSWER AND COUNTERCLAIM OF THE GAP, INC.




**J Crew**        **Walmart**

11. Defendant is in need of, and is entitled to, a judicial declaration that the design for Plaintiff's Snap T product does not function as an indicator of source, and therefore, Plaintiff does not own any common law trade dress rights in that design.

12. An actual case or controversy exists between Plaintiff and Defendant as to whether the overall design of the Snap T product constitutes protectable common law trade dress.

13. The overall design of the Snap T product does not function as trade dress because it is comprised of functional elements, namely, reinforced placket and piping, fleece designed to keep the wearer warm while remaining lightweight, a conveniently placed pocket and a pocket flap designed to hold sunglasses in a diagonal position away from the wearer's armpit.

14. The overall design of the Snap T product does not function as trade dress because it has not acquired distinctiveness such that it does not indicate the source of Plaintiff's goods and distinguish the goods from those sold by other companies.

15. Notwithstanding that the overall design of the Snap T product has not acquired distinctiveness, Plaintiff claims that Defendant's sale of the Gap Jackets constitutes trade dress infringement, unfair competition, and deceptive trade practices, and, through this action, demands that Defendant cease using the design thereof.

16. An actual, present, and justiciable controversy exists between Plaintiff and Defendant concerning Defendant's right to sell the Gap Jackets and other products that are comprised of contain similar designs, free from Plaintiff's interference.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that the Court enter judgment in its favor, as follows:

A. declaring that the overall design of Plaintiff's Snap T product does not constitute protectable trade dress because the design is functional and/or lacks secondary meaning and therefore does not function as an indicator of source;

B. declaring that Plaintiff is therefore not entitled to any relief with respect to the sale of the Gap Jackets;

C. declaring that Defendant is entitled to sell and market the Gap Jackets;

D. for costs of suit, including reasonable attorneys' fees; and

E. such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Defendant demands a jury on all issues so triable.

Respectfully submitted,

DATED: February 21, 2023   CONRAD | METLITZKY | KANE LLP

*/s/ Mark R. Conrad*
MARK R. CONRAD
CARA SANDBERG

DATED: February 21, 2023   FROSS ZELNICK LEHRMAN & ZISSU, P.C.

*/s/ James D. Weinberger*
JAMES D. WEINBERGER
NICOLE LIEBERMAN

*Attorneys for Defendant The Gap, Inc.*